MARÍA G. DE MEGWINOFF, Plaintiff and Appellant, *v.* JOSÉ B. MÉNDEZ GARCÍA ET AL., Defendants and Appellees.

No. 8691.   Argued June 11, 1943.—Decided July 21, 1943.

*Dubón & Ochoteco* for appellant.   *E. H. F. Dottin* for appellee José
   B. Méndez García.

Mr. Justice Snyder delivered the opinion of the court.

María G. vda. de Megwinoff filed suit for damages in the
district court against José B. Méndez García and Sobrinos
de A. Méndez & Hno.   She alleged that she is the owner of
a lot in San Juan described in the complaint and duly re-
corded; that she has four houses on said premises; that
three of them are wooden and face San Andrés Street; that
one of them is a concrete building facing San Agustín Street;
that the defendants are the owners of an adjacent lot; that
about the end of April 1939 José B. Méndez García for him-
self and in representation of Sobrinos de A. Méndez & Hno.
began to make certain excavations on his lot in order to
construct a three-story building with a ten-foot basement;
that these excavations extended, without plaintiff's permis-
sion, to her lot; that she had not consented to this invasion
of her property rights, and that the defendants did not give
notice to plaintiff of their intention to construct the said
building; that as soon as she had knowledge of the said tres-
pass and that the defendants intended to build on her lot
several columns of the new building, as well as its west wall,
she objected strenuously and demanded that the defendants

discontinue their operations; that, in spite of her objections, defendants continued their work and destroyed a zinc railing belonging to the plaintiff which ran from north to south on her premises; that the defendants, without her permission, built some platform on the plaintiff's lot, affixing them to the plaintiff's houses; and that the defendants built a wooden fence in front of plaintiff's concrete house, thereby preventing her and her lessees from using the alley separating the plaintiff's building from the defendants' lot.

The plaintiff prayed for the following items of damages:

(a) Total destruction of the zinc railing and its concrete basis_____ $ 100.00

(b) Loosening, due to the excavations, of two concrete supports for the wooden floor of a "ranchón" owned by plaintiff; breaking of a transversal beam which also supported the wooden floor of the "ranchón"; making the floor of the "ranchón" uneven_____ 150.00

(c) Slight injury to the walls and ceilings of plaintiff's houses, etc._____ 50.00

(d) Waste and junk deposited on plaintiff's premises for three months_____ 100.00

(e) Deprivation and usurpation by defendants of plaintiff's alley, and use thereof for more than two months_____ 500.00

(f) Deprivation by the defendants of a strip of land, 15 meters long and 26 centimeters wide, belonging to plaintiff_____ 750.00

$1650.00

The plaintiff also asked for $3,000 as exemplary damages, the total sum prayed for amounting to $4,650.

Defendant Méndez García in his answer denied most of the facts alleged in the complaint. He admitted that he is a co-owner of the lot described in the complaint, and that he had made the said excavations to construct a building. However, he denied that he represented the partnership So-

brinos de A. Méndez & Hno., and asserted that the excavations were made within his lot, and that although plaintiff's zinc railing was destroyed, it was not done maliciously, and that its place has been taken by the concrete wall he constructed on the plaintiff's lot.

After a trial on the merits and a personal inspection, the lower court entered judgment, ordering José B. Méndez to pay the plaintiff the sum of $110 as damages, plus the costs, and dismissing the complaint as to Sobrinos de A. Méndez & Hno., ordering the plaintiff to pay the latter's costs. The amount of damages awarded was made up of the following items:

$75. 00 for destruction of the zinc railing
25. 00 for making the floor of the "ranchón" uneven
10. 00 for repair of the buildings due to the holes and strips resulting from affixing the platforms thereto.

——————

$110. 00

The district court refused to award damages for deprivation of the strip of land. The lower court also refused to award punitive damages on the ground that the defendant had not been reckless or negligent.

■ On appeal, the plaintiff assigns several errors, all of them relating to appreciation of evidence. She contends that the lower court erred in awarding only $110 as damages, and in refusing to award the amounts prayed for in items (b), (d), (e), and (f) of the complaint. As to item (e), the evidence does show that the defendant built a fence when he was constructing his building which prevented plaintiff's lessees from using the alley that separated both lots. But the lower court, after its inspection, held that neither plaintiff nor her lessees had actually used the aforesaid alley prior to the building of the fence, and that no damage therefore resulted from the defendant's act in this respect. We see no way in which we can disturb this conclusion of the district court.

█ In relation to item (d), after examining the record, and especially the photograph showing the refuse piled on plaintiff's land, we feel that the lower court erred in refusing to award any damages in connection therewith. The district court in its opinion does not mention this item. We shall therefore modify the judgment to award $10 to the plaintiff for this item.

█ As to item (b), the lower court properly disposed of it by awarding $25 solely for the dislocation of the even level of the floor of the kitchen of the "ranchón", in view of the uncontradicted testimony that the supports that were loosened and the beams that were unfastened were subsequently repaired by the defendant.

█ We next come to item (f), relating to the alleged deprivation by the defendant of a strip of land belonging to the plaintiff. The lower court disposed of this item as follows:

" . . . The plaintiff is not entitled to compensation for this item. She is the only one to blame for what happened. If Méndez García had built with bad faith on plaintiff's land, she would have the right to demand from him the destruction of the wall and columns originally constructed and which at present are found on plaintiff's property, in order that matters be returned to their original state. It is our opinion that the acts of the plaintiff herself prevent her from making such a claim. There is no doubt that the construction of the west wall of the building was originally begun on land belonging to the plaintiff and that at present the foundation of the wall, and the wall itself, up to the level of the land, are on plaintiff's land, but such construction was done by co-defendant Méndez García in good faith and in the belief that he was building on his own property. The fence built by the plaintiff between both lots, to the east of which the above-mentioned wall was being constructed, proved that at no time was there any intention to deprive the plaintiff of any portion of land. As soon as the platintiff protested, and after measurement was made, the construction was moved twenty centimeters to the east of the fence which she had built, the plaintiff on this manner acquiring a piece of land twenty centimeters wide, along the entire east side of her property, bounding

the property of which co-defendant Méndez García is co-owner, which piece of land she had abandoned upon constructing her fence.''

The record amply justifies this conclusion of the district court, and we therefore find no deprivation by the defendant of the plaintiff's land entitling the plaintiff to damages therefor.

█ Assuming, without deciding, that exemplary damages may be granted in this jurisdiction in this type of case, we agree with the lower court that under the circumstances of this case the bad faith or gross negligence which is ordinarily necessary to justify the award of such damages is wholly lacking herein. It was not unreasonable for the defendant to assume that when the plaintiff built its zinc railing to separate the two lots, that the line on which it was built was the true boundary line. And when Méndez first became aware of the plaintiff's contentions, he immediately had an engineer make a survey, and as a result thereof moved the western wall of his building at once. Such circumstances do not justify the imposition of exemplary damages.

We find nothing is this case which would warrant our interference with the action of the lower court in refusing to allow attorney's fees to the plaintiff.

The judgment will be modified to grant the plaintiff an additional $10 for the piling of junk and waste materials on her premises, and as thus modified, the judgment will be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.